```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

United States of America       :
                               :
    v.                         :    File No. 1:05-CR-12
                               :
Darrell K. Phillips            :

<u>ORDER</u>
(Paper 105)

Defendant Darrell Phillips, proceeding *pro se*, moves the Court to reinstate his petition for a writ of habeas corpus, originally filed on March 29, 2007. Phillips also requests court-appointed counsel. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

Phillips' habeas petition was denied without prejudice as premature because his appeal to the Second Circuit was still pending. That appeal has now been dismissed. Because Phillips' habeas petition is no longer premature, his motion to reinstate (Paper 105) is GRANTED.

Phillips' motion for appointment of counsel is DENIED. A prisoner has no constitutional right to the assistance of counsel in a habeas corpus proceeding under 28 U.S.C. § 2255. <u>See</u> <u>Philadelphia v. Finley</u>, 481 U.S. 551, 555 (1987). Section 2255 provides that the "[a]ppointment of counsel under this section shall be governed by section 3006A of title 18." Section 3006A states, in turn, that the Court has discretion to appoint counsel to represent a petitioner seeking relief under § 2255 upon determining that the petitioner is

"financially eligible" and that "the interests of justice . . . require" the appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B).

In determining whether "the interests of justice" require the appointment of counsel pursuant to § 3006A(a)(2), the courts in this circuit consider several factors: "the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case." Toron v. United States, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985)).  In articulating the factors that courts should consider, the Second Circuit in Hodge stated that "the district court should first determine whether the indigent's position seems likely to be of substance."  Hodge, 802 F.2d 58, 61.

Here, the merits of Phillips' petition are unclear.  His petition argues that he was denied effective assistance of counsel, and that the Court improperly rejected his requests for new counsel.  Given that the Court has previously reviewed, and denied, at least some of Phillips' contentions with respect to his representation, it is difficult to determine at this time whether his present arguments are "likely to be of substance."  Id.  Therefore, the Court does

not find that Phillips' petition has sufficient merit to warrant the appointment of counsel.

The substance of Phillips' claims may become clearer once the parties have each had an opportunity to brief the issues raised in the petition.  Accordingly, Phillips may renew his motion for counsel after the government submits its response.  For present purposes, however, the request for appointment of counsel (Paper 105) is DENIED.

Because Phillips' § 2255 petition is being reinstated, it is hereby ORDERED that:

(1) the Clerk of this Court is directed to cause to be served upon the United States Attorney for the District of Vermont a copy of Phillips' habeas corpus motion (Paper 99) and this order;

(2) the government shall within thirty (30) days after service file an answer as required by Rule 5, 28 U.S.C. § 2255; and

(3) Phillips shall file any response to the government's answer within thirty (30) days after the government's answer is filed with the Court.

Dated at Brattleboro, in the District of Vermont, this 24th day of October, 2007.

                /s/ J. Garvan Murtha
                J. Garvan Murtha
                United States District Judge